Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EDWARD SALAS RÍOS<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400599 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Remedios Administrativos<br><br>Caso número:<br>CDB-543-24<br><br>Sobre:<br>Revisión decisión administrativa |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparece ante nos, por derecho propio, la parte recurrente, Edward Salas Ríos, mediante un recurso de revisión judicial, y solicita que revisemos la determinación emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación el 1 de agosto de 2024, notificada el 5 del mismo mes y año. Mediante el referido dictamen la agencia desestimó la solicitud de remedio administrativo promovida por el recurrente.

Por los fundamentos que expondremos a continuación, se revoca la determinación administrativa recurrida. Veamos.

### I

El 1 de agosto de 2024, Edward Salas Ríos (Salas Ríos o recurrente) instó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR o recurrido).[1] En la misma, indicó que, en el año 2023, se le concedió la oportunidad de participar en

---

[1] *Solicitud de Remedio Administrativo* en el apéndice del recurso. Véase, además, expediente administrativo, págs. 12-13.

Número Identificador

SEN2024 _____

el Programa Teatral de la Institución Correccional 308, así como de participar de salidas a la libre comunidad y disfrutar de otros privilegios. Especificó que el privilegio de participar en el Programa Teatral le fue concedido en virtud de las disposiciones del Reglamento de Actividades y Nuevas Oportunidades de Rehabilitación y Tratamiento, Reglamento Núm. 9497 del 11 de septiembre de 2023 (Reglamento Núm. 9497). Alegó que, el 19 de julio de 2024, el Comité de Clasificación lo removió del referido programa, utilizando como fundamento un informe preparado sin su conocimiento y sin que dicho documento le fuera notificado. Argumentó que la agencia, al removerlo del Programa Teatral sin cumplir con el debido proceso establecido en los Artículos X-B y XIII del Reglamento Núm. 9497, *supra*, atentó en contra de su derecho de rehabilitación y le causó daños emocionales. Sostuvo que, por tratarse de un proceso **caprichoso e ilegal** llevado a cabo en su contra, procedía que se dejara sin efecto. En vista de ello, solicitó que se removiera el informe en cuestión de su expediente y que se le refiriera a otro programa.

Evaluado lo anterior, el mismo día, notificada el 5 de agosto de 2024, el DCR emitió la determinación que nos ocupa, mediante la cual desestimó el remedio solicitado.[2] En la misma, la agencia recurrida expresó lo siguiente:

> Regla XIII[,] Secci[ó]n 5[,] Inciso (G) – El evaluador tiene la facultad para **desestimar** las siguientes solicitudes:
>
> [G] – Cuando el miembro de la poblaci[ó]n correccional emita opiniones o solicite informaci[ó]n en su solicitud que no conlleve a remediar una situaci[ó]n de su confinamiento. **Sr. Salas, le exhorto a que no emita opiniones en su solicitud y solo presente los hechos**.[3]

---

[2] *Respuesta al Miembro de la Población Correccional* en el apéndice del recurso. Véase, además, expediente administrativo, pág. 11.
[3] Íd. (Énfasis nuestro).

En desacuerdo, el 6 de agosto de 2024, Salas Ríos presentó una *Solicitud de Reconsideración*.[4] En síntesis, arguyó que en su solicitud de remedio había detallado los hechos y la reglamentación aplicable a estos. Reiteró que el incumplimiento de la agencia en su remoción del Programa Teatral constituyó una violación al debido proceso y a su derecho a la rehabilitación. En virtud de ello, solicitó que se atendiera su *Solicitud de Remedio Administrativo* conforme al Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015 (Reglamento Núm. 8583).

Atendida la solicitud, el 20 de septiembre de 2024, notificada el 2 de octubre del mismo año, el DCR emitió una *Resolución*, mediante la cual modificó y, así modificada, confirmó la determinación impugnada.[5] En específico, fundamentó su decisión de la siguiente forma:

[…]

El Reglamento [p]ara Atender [l]as Solicitudes [d]e Remedios Administrativos Radicadas [p]or [l]os Miembros [d]e [l]a Población Correccional, Regla XIII, Seccción *[sic]* 5, Inciso g dice:

> **Cuando el miembro de la población correccional emita opiniones** o solicite información en su solicitud que no conlleve a remediar una situación de su confinamiento.

Es una opinión cuando el recurrente indica en su remedio:

> Que es un proceso llevado contra el aquí recurrente uno **caprichoso e ilegal**.

Además, es importante señalar que los documentos que obran en el expediente social son confidenciales y para uso exclusivo de los procesos ordinarios de la agencia.[6]

---

[4] *Solicitud de Reconsideración* en el apéndice del recurso. Véase, además, expediente administrativo, pág. 6.
[5] *Resolución* en el apéndice del recurso. Véase, además, expediente administrativo, págs. 3-5.
[6] Íd. (Énfasis original).

Inconforme, el 1 de octubre de 2024, recibida en la Secretaría de este Foro el 21 del mismo mes y año, la parte recurrente presentó el presente recurso de revisión judicial. En su escrito, el recurrente impugna la determinación administrativa antes indicada y, entre otros, nos solicita que la dejemos sin efecto.

En cumplimiento con nuestra *Resolución* del 31 de octubre de 2024, y luego de concedida una prórroga a esos efectos, la parte recurrida compareció mediante *Escrito en Cumplimiento de Resolución* el 10 de diciembre del año corriente.

Con el beneficio de la comparecencia de las partes, así como la copia certificada del expediente administrativo, procedemos a resolver.

**II**

**A**

Sabido es que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70, resuelto el 24 de junio de 2024; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024; *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Batista, Nobbe*

*v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta. Es por ello que nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 2024 TSPR 29, 213 DPR ___ (2023).

En *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.* Véase, además, *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, supra, y *Super Asphalt v. AFI y otro*, supra, pág. 819.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*

Bajo este supuesto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675 (LPAU), estableció "el marco de revisión judicial de las determinaciones de las agencias administrativas". *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Rolón Martínez*

*v. Supte. Policía,* supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.,* págs. 35-36; *OEG v. Martínez Giraud,* supra; *Torres Rivera v. Policía de PR,* supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores,* supra, pág. 217. Nuestro Máximo Foro ha expresado que esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía,* supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.; OEG v. Martínez Giraud,* supra; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675; *Rolón Martínez v. Supte. Policía,* supra, pág. 36; *Torres Rivera v. Policía de PR,* supra, pág. 627. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Íd.*

El Tribunal Supremo de Puerto Rico ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Torres Rivera v. Policía de PR,* supra, págs. 627-628; *OEG v. Martínez Giraud,* supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme a

lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *OEG v. Martínez Giraud*, supra, pág. 11.

**B**

La Sección 19 del Artículo VI de nuestra Constitución establece que será política pública "reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. ELA, LPRA, Tomo I. A raíz de ello, el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendado, conocido como el *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA Ap. XVIII (Plan de Reorganización Núm. 2-2011), provee para un sistema de custodia de las personas que han sido encontradas incursas en la comisión de un delito o falta y para que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor, a fin de fomentar su reincorporación a la sociedad. 3 LPRA Ap. XVIII, Art. 2.

A esos fines, el objetivo principal del referido esquema legal es que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal del Departamento de Corrección y Rehabilitación. Además,

el referido estatuto tiene como fin el evitar y reducir la presentación de pleitos en los tribunales de instancia. Véase, Introducción del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015 (Reglamento Núm. 8583). En particular, la Regla VI del Reglamento Núm. 8583, *supra,* dispone que la División de Remedios Administrativos tendrá jurisdicción para atender toda solicitud de remedio presentada por los miembros de la población correccional, relacionada directa o indirectamente con actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional, entre otras.

Por otro lado, en lo aquí atinente, la Regla XIII, Sección 5, Inciso G, del Reglamento Núm. 8583, *supra,* dispone que la persona evaluadora tiene la facultad para desestimar las solicitudes de los miembros de la población correccional cuando estos "**emita[n] opiniones o solicite[n] información en su solicitud que no conlleve a remediar una situación de su confinamiento**". (Énfasis nuestro).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte recurrente presentó una *Solicitud de Remedio Administrativo* ante el DCR en el cual, en esencia, argumentó que la agencia erró al removerlo del Programa Teatral utilizando como fundamento un informe que no le habían notificado. El recurrente catalogó dicha actuación como "caprichosa e ilegal". Atendido el asunto, el organismo administrativo desestimó el petitorio por entender que el recurrente emitió opiniones en su solicitud que no conllevan a remediar la situación de su confinamiento. Por tanto,

tenemos que determinar si las expresiones expuestas por el recurrente en su solicitud de remedio constituyen una opinión que ameritaba la desestimación de la acción.

Sobre ese particular, la agencia recurrida no hizo expresión alguna en su escrito ante nos. Dicha parte se enfocó en la discusión en los méritos de la *Solicitud de Remedio Administrativo* presentada por el recurrente. Es decir, discutió las razones detrás de la determinación de remover al recurrente del Programa Teatral. En ese contexto, sostuvo que la determinación recurrida debía ser confirmada por ser la norma aplicable al momento de los hechos. Sin embargo, la determinación recurrida fue una desestimación de la *Solicitud de Remedio Administrativo* por la presunta emisión de una opinión, no una adjudicación sobre la corrección o no de la remoción del recurrente del mencionado programa.

Hemos revisado sosegadamente la *Solicitud de Remedio Administrativo* y colegimos que la determinación del DCR de desestimar el petitorio es arbitraria. Sabido es que el estándar de la revisión judicial requiere que los tribunales les merezcan deferencia a las decisiones de una agencia administrativa. No obstante, esta cede cuando, entre otras cosas, el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional. En el caso de autos, la parte recurrente detalló de forma clara y específica que estuvo participando de un programa y que fue removido de este por la agencia, basado en un informe. El recurrente clasificó dicha actuación como una "caprichosa e ilegal" y solicitó un remedio a esos efectos. En otras palabras, utilizó el mismo vocabulario desplegado en el estándar de revisión judicial avalado por nuestro ordenamiento jurídico vigente.

En virtud de lo anterior, colegimos que la respuesta por parte de la agencia recurrida desestimando la *Solicitud de Remedio*

*Administrativo*, por clasificar erróneamente como "opinión" el uso de las palabras "caprichoso e ilegal" en el referido petitorio administrativo, constituye un abuso de discreción que amerita nuestra intervención. Consecuentemente, resulta forzoso concluir que, en lugar de desestimar, procedía atender lo reclamado por el recurrente en su *Solicitud de Remedio Administrativo*, presentada el 1 de agosto de 2024.

**IV**

Por los fundamentos que anteceden, revocamos la determinación administrativa recurrida. En su consecuencia, devolvemos el caso a la agencia para que atienda la *Solicitud de Remedio Administrativo* presentada por Edward Salas Ríos el 1 de agosto de 2024.

Notifíquese a las partes, al Procurador General y a la Secretaria del Departamento de Corrección y Rehabilitación. La persona administradora de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La juez Ortiz Flores disiente sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones